UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEARL M. SIMONS, JR. et al., : | |
| : | Civil Action No. 10-4979 (SRC) |
| Plaintiffs, : | |
| : | |
| v. : | **OPINION & ORDER** |
| : | |
| GOODYEAR DUNLOP TIRES : | |
| NORTH AMERICA, LTD., : | |
| : | |
| Defendant. : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions: 1) the motion to dismiss Counts II, III, V, and VII of the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Goodyear Dunlop Tires North America, Ltd. ("Goodyear"); and 2) the cross-motion for leave to file an amended Complaint by Plaintiffs Pearl M. Simons, Jr. and Carolan Rollins (collectively, "Plaintiffs.") For the reasons stated below, both motions will be granted.

This case arises from an accident alleged to have been caused by a defective tire manufactured by Goodyear. The Complaint asserts seven counts: 1) strict liability for manufacturing defect; 2) negligence; 3) failure to recall; 4) breach of express warranty of merchantibility; 5) breach of implied warranty of merchantibility; 6) loss of consortium; and 7) negligent infliction of emotional distress.

Defendant has moved to dismiss four of these claims, Counts II, III, V, and VII, on the ground that, under New Jersey law, when a plaintiff sustains injuries as a result of a defective product, her exclusive cause of action is for product liability/strict liability under the New Jersey

Product Liability Act ("NJPLA"), N.J. Stat. Ann. § 2A:58C.  Defendant points to the statement of statutory scope contained in the following statutory definition: "'Product liability action' means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." N.J. Stat. Ann. § 2A:58C-1(b)(3).  Defendant contends that the claims for negligence, failure to recall, breach of implied warranty, and negligent infliction of emotional distress fall within the scope of this definition.

In response, Plaintiff first points to various pieces of legislative history in an effort to persuade that the statute does not mean what it says.  "[A]ppeals to statutory history are well taken only to resolve statutory ambiguity."  Barnhill v. Johnson, 503 U.S. 393, 401 (1992).  Plaintiff has not shown any ambiguity in the NJPLA that would justify an examination of the legislative history.

Plaintiff next makes an argument premised on these statements about the NJPLA by the New Jersey Supreme Court in Alloway v. General Marine Indus., L.P., 149 N.J. 620, 640 (1997):

> Although the Law excludes physical damage to the product itself from the definition of harm, . . . . the Legislature did not intend to codify in the Law all common-law remedies . . . Consequently, the exclusion of physical damage from harm that falls within the Law is not dispositive.

At issue in Alloway was economic loss for physical damage caused by a defective boat to the boat itself.  Id. at 623.  Were the claims at issue in the instant case at all similar, or somehow analogous, to the claim in Alloway, perhaps this dicta might have some relevance.  In the instant case, however, Plaintiff has not sought recovery for economic loss caused by the tire defect to the tire itself.  The cited dicta from Alloway does not appear to illuminate the application of the NJPLA to the instant case.

Furthermore, pointing out that NJPLA does not codify all common-law remedies does not help Plaintiff oppose the motion to dismiss. Defendant has asserted that four claims fall within the scope of the NJPLA, based on the clear language of the statute. To succeed, Plaintiff must show that the claims at issue are not covered by the cited statutory definition. Plaintiff has not done so, and the quote from Alloway does not move Plaintiff any closer to this goal.

Plaintiff next argues that, even if this Court concludes that the four claims at issue are subsumed by the NJPLA, these claims need not be dismissed, as they still meet the requirements of Rule 8(a). Yet this Court will dismiss them not for failure to comply with Rule 8(a), but because it appears that New Jersey courts do not allow separate claims for multiple causes of action that fall within the NJPLA. Tirrell v. Navistar Int'l, 248 N.J. Super. 390, 398 (N.J. Super. Ct. App. Div. 1991) ("The Product Liability Act no longer recognizes negligence or breach of warranty (with the exception of an express warranty) as a viable separate claim for 'harm' (as defined in the Act) caused by a defective product.") See also Port Auth. v. Arcadian Corp, 189 F.3d 305, 313 (3d Cir. 1999) ("Under New Jersey law negligence is no longer viable as a separate claim for harm caused by a defective product.")

Furthermore, dismissal of these four separate causes of action is required by Third Circuit law. In Repola v. Morbark Industries, Inc., 934 F.2d 483, 492 (3d Cir. 1991), the Third Circuit held that the NJPLA subsumes common law negligence and failure to warn claims, which cannot be permitted to stand as separate claims. The Court explained: "Permitting such a separate claim would contravene the NJPLA's intent to provide a single statutory products liability claim." Id. at 493. This clearly implies that a complaint may contain only a single statutory products liability claim. Thus, regardless of their status under Rule 8(a), the four claims at issue are not

3

valid.

Defendant has shown that Counts II, III, V, and VII of the Complaint fail to state a valid claim for relief. Defendant's motion to dismiss will be granted and, pursuant to Federal Rule of Civil Procedure 12(b)(6), these four claims will be dismissed without prejudice. The cross-motion for leave to amend will be granted to the limited extent that Plaintiff seeks to amend the Complaint to assert a single claim which both fully asserts a cause of action under the NJPLA and which complies with the requirements of the NJPLA.

For these reasons,

**IT IS** on this 20th day of December, 2010

**ORDERED** that Defendant's motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 6) is **GRANTED**, and Counts II, III, V, and VII of the Complaint are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's cross-motion to amend the Complaint (Docket Entry No. 9) is **GRANTED**, and Plaintiff is granted leave to amend the Complaint within 30 days of the date of entry of this Order.

                                                   s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER, U.S.D.J.